# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MA'AYA MEIGHAN EL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JUDGE FRANK BRADY | : | NO. 14-2611 |
| ATTORNEY DENNIS KELLY | : | |

## MEMORANDUM

RUFE, J.                                                                                                               MAY 13th, 2014

      Plaintiff Ma'aya Meighan El filed the instant lawsuit against Judge Frank Brady and Attorney Dennis Kelly in connection with a criminal proceeding initiated against her in the Philadelphia Municipal Court, MC-51-CR-0038412-2013. Plaintiff's claims are based on her dissatisfaction with the manner in which Judge Brady handled a hearing or an issue in the criminal proceeding, as well as her dissatisfaction with Dennis Kelly, who appears to have been her attorney for purposes of that hearing or issue. Plaintiff cites the "Peace and Friendship Treaty" as the basis for her claims and has attached documents to the complaint that appear to be related to her "Moorish-American" status. She seeks monetary damages.

      Plaintiff's motion to proceed *in forma pauperis* is granted because he has satisfied the requirements set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply, which require the Court to dismiss the complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is legally baseless if it is "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Additionally, to survive

dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

To the extent plaintiff raises claims based on a treaty between Morocco and the United States or documents related to her "Moorish" status, her claims are frivolous. To the extent plaintiff is seeking damages, pursuant to 42 U.S.C. § 1983, for violations of her constitutional rights in connection with her criminal proceeding, her claims lack legal merit. Judge Brady is entitled to absolute judicial immunity from claims based on acts he took in his judicial capacity, including how he handled proceedings in plaintiff's criminal case. *See Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Nor is there a basis for a claim against Attorney Kelly, because he is not a state actor for purposes of § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999).

For the foregoing reasons, the Court will dismiss plaintiff's complaint. Plaintiff will not be given leave to amend because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002). An appropriate order follows.